## PLEET–O–LITE CORPORATION v. PLEA-TEX CORPORATION.
### No. 8151.

Circuit Court of Appeals, Seventh Circuit.
April 10, 1943.

Simon Herr and Harold Tucker, both of Chicago, Ill., for appellant.

Harry H. Hitzemann and Wm. Tannenbaum, both of Chicago, Ill., for appellee.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from a decree of the District Court, entered June 25, 1942, adjudicating as valid and infringed Patent No. 1,929,315, issued October 3, 1933 to O. W. and C. H. Johnson, and subsequently assigned to plaintiff. Among the defenses relied upon below, as well as here, was that of invalidity for lack of invention. Inasmuch as we are of the view that this defense should have been sustained, there is no occasion to state, much less discuss, other defenses or issues urged by defendant.

Plaintiff places great stress upon the presumption which attaches to the patent grant, as well as the findings of the District Court in its favor. While we are not unmindful of the importance of the established rules upon which plaintiff relies, yet we are firmly convinced that the improvement which the patentees describe did not amount to invention.

The patent is entitled "Lamp Shade" and the claimed invention relates, as stated in plaintiff's brief, "to the specific manner in which pleated paper is supported upon the inner translucent shade so that each pleat shall be fixedly positioned and shall not be shiftable from one position to another by merely pushing or brushing against some particular part of the shade." Plaintiff also states that the particular problem which the inventor solved "was the way of attaching pleated paper to an inner translucent lamp shade so that each individual pleat was attached and did not come loose, due to ordinary wear and tear, or during shipment or storage, thereby providing an attractive substitute for silk or other expensive shades."

Thus it will be observed that any invention resides solely in the manner of attaching pleated paper to or on the outside of an ordinary lamp shade. This is the problem which it is claimed the patentees solved.

Neither the file wrapper nor any prior art patents were offered in evidence . Certain physical exhibits of lamp shades generally in use prior to the patent, as well as those manufactured in conformity therewith, were offered in evidence and are before us. Also, the patent in its specifications describes the existing art and the defects which the patentees sought to overcome.

The inner translucent shade which the patentee describes and utilizes as a base or support for an outer covering of pleated paper was old, as was pleated paper. Both had been widely employed in the manufacture of lamp shades. As already stated, the claimed invention resides solely in the manner in which this pleated paper was attached to the inner shade. The means suggested for making such attachment was "a coating of paste, glue, or other adhesive over the supporting member so that when the pleated member was brought in contact therewith it would be permanently attached thereto." Just how any person, much less one skilled in the art, could overlook such an obvious procedure is beyond our comprehension. No new element was involved, and the means employed for securing these elements in their desired position was perhaps older than the elements themselves. The fact, if such it be, that the appearance of the lamp shade was improved or that its ornamental value was enhanced, does not remove the improvement from the field of the ordinary mechanic.

The decree of the District Court is reversed and the cause remanded, with directions to dismiss the complaint.